**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-cv-306-RJC-DSC**

| | | |
|---|---|---|
| ALLAN ROBERT CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM AND RECOMMENDATION** |
| | ) | |
| v. | ) | |
| | ) | |
| GARDA CL EAST, INC. d/b/a | ) | |
| GARDA USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's "Motion for Judgment on the Pleadings" (document #5); as well as the parties' briefs and exhibits. See documents ##5, 7 and 8.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motion for Judgment on the Pleadings be <u>denied</u>, as discussed below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Accepting the factual allegations of the Complaint as true, Plaintiff is a North Carolina citizen who became employed as one of Defendant's senior managers on July 1, 2010. Defendant is a South Carolina corporation with its principal place of business in Florida.

On December 1, 2011, Plaintiff was exiting his company vehicle when he stepped on an

uneven surface and injured his left foot and ankle. Plaintiff reported his injury to Defendant that day by completing what he believed to be the necessary and appropriate forms to document a work-related injury.

Defendant initially accepted Plaintiff's report as a compensable workers' compensation injury and provided him with medical care through its designated workers' compensation physician. Plaintiff received medical treatment from that physician including an injection on February 3, 2012. When Plaintiff's injury worsened, he requested additional medical treatment. Defendant denied his request.

On July 19, 2012, Plaintiff was lifting a wooden pallet when he slipped on oil and injured his back. Plaintiff reported this incident to Defendant that day by completing what he believed to be the necessary and appropriate forms to document a work-related injury.

On July 27, 2012, Defendant terminated Plaintiff's employment.

On August 8, 2012, Plaintiff filed a workers' compensation claim.[1]

On February 22, 2013, Plaintiff filed his Complaint in Mecklenburg County Superior Court. Plaintiff alleges a single claim for retaliatory termination in violation of the Retaliatory Employment Discrimination Act, N.C. Gen. Stat. § 95-241 ("REDA").

On May 21, 2013, Defendant removed the state court action to the United States District Court for the Western District of North Carolina alleging diversity of citizenship subject matter jurisdiction. Removal has not been challenged and appears proper.

On June 21, 2013, Defendant filed its Motion for Judgment on the Pleadings which has been fully briefed and is ripe for determination.

---

[1] In his brief, Plaintiff alleges numerous other facts that are not contained in his Complaint. The undersigned has not considered those factual allegations.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). In resolving a motion for judgment on the pleadings, the court must accept all of the non-movant's factual averments as true and draw all reasonable inferences in its favor. Bradley v. Ramsey, 329 F. Supp.2d 617, 622 (W.D.N.C. 2004). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Id. The court may consider the complaint, answer, and any materials attached to those pleadings or motions for judgment on the pleadings "so long as they are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Fed.R.Civ.P. 10(c) (stating that "an exhibit to a pleading is part of the pleading for all purposes."). Unlike a Rule 12(b)(6) motion, the court may consider the answer as well on a Rule 12(c) motion. Alexander v. City of Greensboro, 801 F.Supp.2d 429, 433 (M.D.N.C. 2011).

Although a motion for judgment on the pleadings pursuant to Rule 12(c) is separate and distinct from a motion to dismiss under Rule 12(b)(6), federal courts apply the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6). Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009); Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan

Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for

relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

"The North Carolina [REDA] prohibits discrimination or retaliation against an employee for filing a worker's compensation claim." Wiley v. UPS, Inc., 164 N.C.App. 183, 186, 594 S.E.2d 809, 811 (2004). The North Carolina Retaliatory Employment Discrimination Act (REDA), provides that:

> (a) No person shall discriminate or take any retaliatory action against an employee because the employee in good faith does or threatens to do any of the following: (1) File a claim or complaint, initiate any inquiry, investigation, inspection, proceeding or other action, or testify or provide information to any person with respect to any of the following a. Chapter 97 [Workers' Compensation] of the General Statutes.

N.C. Gen. Stat. § 95-241 (2013).

To state a prima facie claim under REDA, a plaintiff must plead: "(1) that he exercised his rights as listed under N.C. Gen.Stat. § 95–241(a), (2) that he suffered an adverse employment action, and (3) that the alleged retaliatory action was taken because the employee exercised his rights under N.C. Gen.Stat. § 95–241(a)." Fatta v. M & M Properties Mgmt., Inc., 727 S.E.2d 595, 598-99 (N.C. Ct.App. 2012) review denied, 735 S.E.2d 182 (N.C. 2012) and review denied, 743 S.E.2d 182 (N.C. 2013) (citing Wiley, 164 N.C.App. at 186, 594 S.E.2d at 811).

Defendant relies on Whitings v. Wolfson Casing Corp., 618 S.E. 2d 750 (N.C. Ct. App.

5

2005) for the proposition that Plaintiff's REDA claim fails because he was terminated prior to filing his workers' compensation claim. "REDA prohibits discrimination against an employee who <u>has filed</u> a workers' compensation claim." Id., 618 S.E. 2d at 753 (emphasis in original). However, the plaintiff in <u>Whitings</u> did not allege that she filed a workers' compensation claim. Id. "[B]y failing to allege the filing of a workers' compensation claim <u>at any time</u> either prior or subsequent to her discharge, plaintiff has failed to plead that she engaged in legally protected activity." Id., 618 S.E. 2d at 754 (emphasis in original).

In <u>Fatta</u>, 727 S.E.2d at 599, the North Carolina Court of Appeals clarified its holding in <u>Whitings</u>. In <u>Fatta</u>, the defendant relied on <u>Whitings</u> and "assert[ed] that the action of <u>filing</u> a workers' compensation claim is the activity that triggers REDA protection … that plaintiff's statements do no more than forecast a potential action and do not by themselves warrant REDA protection." Id. The Court stated that "[d]efendant's reliance [on <u>Whitings</u>] is misplaced." The Court went to explain that because the <u>Whitings</u> plaintiff "failed '**to allege the filing of a workers' compensation claim <u>at any time</u> either prior or subsequent to her discharge, [she] failed to plead that she engaged in legally protected activity.**'" Id. (quoting <u>Whitings</u>, 618 S.E. 2d at 754) (emphasis in original). The Court held that where plaintiff informed his employer of his work-related injury and indicated the intent to file a workers' compensation claim, he satisfied the first two prima facie elements. Id. Plaintiff's allegation that he was terminated five days later was sufficient to satisfy the third prima facie element. Id. (citing <u>Shoaf v. Kimberly-Clark Corp.</u>, 294 F. Supp. 2d 746, 756 (M.D.N.C. 2003) ("merely a closeness in time between the filing of a discrimination charge and an employer's firing an employee is sufficient to make a prima facie case of causality")). Plaintiff here also filed his workers' compensation claim

6

subsequent to his discharge.

Applying those legal principles to the factual allegations in the Complaint, Plaintiff has stated a prima facie claim under REDA. On July 19, 2012, Plaintiff was injured at work and reported the injury to Defendant that day. He completed what he believed to be the necessary and appropriate forms. Eight days later, Defendant terminated Plaintiff's employment. On August 8, 2012, Plaintiff filed a workers' compensation claim. At this stage in the proceedings, these factual allegations are sufficient. Fatta, 727 S.E.2d at 599.

Accordingly, the undersigned respectfully recommends that Defendant's Motion for Judgment on the Pleadings be denied.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion for Judgment on the Pleadings" (document #5) be **DENIED.**

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147

(1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: August 1, 2013

David S. Cayer
United States Magistrate Judge